IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TONNEMACHER,

      Petitioner,                    No. CIV S-11-2443 EFB P

    vs.

STATE OF CALIFORNIA,

      Respondent.             ORDER AND
                                    FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254.  It appears that petitioner has filed duplicative petitions, and that this action should therefore be dismissed.  A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (quoting *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)).  "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. *Id.* at 1144 (citation omitted).  "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to

1  avoid concurrent litigation in more than one forum whenever consistent with the right of the
2  parties." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).
3       On May 19, 2011, petitioner filed an application for a writ of habeas corpus in this
4  district. *Tonnemacher v. El Dorado County Sheriff's Department*, No. Civ. S-11-1363 KJM
5  DAD, Docket No. 1.[1]  In that petition, petitioner claims he has been unlawfully confined to the
6  Placerville Jail, for an alleged probation violation, for allegedly failing to appear, or for both
7  reasons, since the Spring of 2010.  On September 15, 2011, petitioner commenced this action by
8  filing a second application, raising the same issues as those raised in the earlier filed application.
9  *See* Dckt. Nos. 1, 2 (explaining petitioner filed second habeas application in case it would be
10 "faster and easier . . .").  Due to the duplicative nature of the present action, this action should be
11 dismissed and petitioner should proceed on the action he initially commenced.
12      Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a
13 United States District Judge to this case.
14      It is further RECOMMENDED that this action be dismissed without prejudice.
15      These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
20 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
21 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
22 Dated: September 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).